**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2027
_____

UNITED STATES OF AMERICA

v.

JONATHAN JACOME,
                                        Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:17-cr-00205-001)
District Judge: Honorable Robert D. Mariani

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
on August 3, 2023

Before: HARDIMAN, RESTREPO, and BIBAS, Circuit Judges

(Opinion filed: August 10, 2023)

_____

_____

OPINION[*]

_____

PER CURIAM

Jonathan Jacome pleaded guilty to one count of conspiracy to commit money laundering and was sentenced by the District Court to 169 months of imprisonment.[1] His release is scheduled for July 8, 2030.

Seeking an earlier exit from prison, Jacome filed a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The motion was predicated on Jacome's medical maladies—hyperlipidemia, hypertension, hyperthyroidism—the impact of the COVID-19 pandemic on FCI-Danbury (his then place of incarceration), and his personal growth while in custody (e.g., obtaining a GED, leading a Bible study group, no disciplinary infractions).

In addition to the above information, the District Court noted Jacome's age (33), his receipt of the COVID-19 vaccine, his transfer to USP-Lewisburg during the pendency of his motion, and the Bureau of Prisons' pandemic response generally. The District Court determined that Jacome had failed to present an "extraordinary and compelling reason[]" for release—a statutory prerequisite for relief under § 3582(c)(1)(A)(i).

The District Court determined in the alternative that the applicable factors under 18 U.S.C. § 3553(a) counseled against early release. The District Court quoted the

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] A collection of Jacome's appeals was dismissed pursuant to an appellate waiver in his plea agreement. See United States v. Jacome, C.A. Nos. 19-3392, 20-2217 & 20-2350, 2020 WL 7384987, at *1 (3d Cir. Sept. 9, 2020) (order).

Government's summary of Jacome's criminal behavior, which included the facts that he "stole $8 million in taxpayer funds," "orchestrated a joint effort to deceive the Grand Jury that resulted in an obstruction of justice enhancement," and "lied to the Court repeatedly about the DUI accident that led to his pre-sentencing detention and loss of acceptance of responsibility." The District Court then reasoned:

> While Defendant's rehabilitation is laudable, a record supporting rehabilitation and young age when the crimes were committed does not . . . diminish the seriousness of the nature and circumstances of the offense.

> \* \* \*

> Consideration of the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense does not weigh in favor of sentence reduction; Defendant committed a serious offense; he showed disrespect for the law in attempting to deceive the Grand Jury and the Court; and he has served less than four years of his fourteen-year sentence. Further, to reduce his sentence to time served with a period of supervised release would not afford adequate deterrence to criminal conduct.

After the District Court denied Jacome's motion for compassionate release, he appealed. We have jurisdiction under 28 U.S.C. § 1291. An order denying a motion for compassionate release is reviewed for abuse of discretion. United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). "An abuse of discretion exists when the decision rests 'on an erroneous view of the law or on a clearly erroneous assessment of the evidence.'" Hope v. Warden York Cnty. Prison, 972 F.3d 310, 320 (3d Cir. 2020) (citation omitted).

For substantially the reasons given in the District Court's order, we agree with its determination that, even assuming Jacome had presented one or more extraordinary and compelling reasons for release, a fair weighing of the applicable § 3553(a) factors

counseled against granting his motion. There was no abuse of discretion here. See Pawlowski, 967 F.3d at 330-31 (declining to disturb order denying compassionate-release motion when significant time remained in the defendant's term of imprisonment and the seriousness of the crimes justified an extended period of incarceration); cf. United States v. Andrews, 12 F.4th 255, 262 (3d Cir. 2021) ("Courts wield considerable discretion in compassionate-release cases, and we will not disturb a court's determination unless we are left with a 'definite and firm conviction that [it] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.'") (citation omitted).

The Government's motion for summary affirmance is thus appropriate and we grant it. See 3d Cir. L.A.R. 27.4 (2011); 3d Cir. I.O.P. 10.6 (2018). The District Court's judgment will, as a consequence, be affirmed. Jacome's motion for appointment of counsel is denied.